IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

    Plaintiff,

v.

CCI WARDEN JOHN DOE et al.,

    Defendants.

ORDER

25-cv-388-jdp
25-cv-392-jdp
25-cv-393-jdp
25-cv-394-jdp
25-cv-395-jdp

---

On May 19, 2025, I entered an order assessing plaintiff Julian Blackshear an initial partial payment of $1.38 in each of the cases listed above. Now plaintiff has filed a notification, which I construe as a motion, to waive all filing fees until he can access funds in his account, which has been frozen by the Wisconsin Department of Corrections while it collects filing fees for other federal cases. *See* dkt. 8. I will grant plaintiff's motion subject to plaintiff showing that he does not have sufficient funds in his release account to make the payments.

In 28 U.S.C. § 1915(b)(1), Congress established a formula to determine how much a prisoner seeking leave to proceed *in forma pauperis* must pay to file a new civil action or appeal in federal court. The statute says, "The court shall assess and, **when funds exist**, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal" (emphasis added). In calculating the initial partial payments, I used the account statement that plaintiff submitted on May 14, 2025. *See* dkt. 3. I determined that his average monthly deposits were $6.90 and that his initial partial payment for each case was $1.38, or 20% of $6.90.

In addition to a regular account, prisoners in the custody of the Wisconsin Department of Corrections also have release accounts. These are restricted accounts that are maintained by the Department to be used when a prisoner is released from custody. *See Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Allowing prisoners to use release funds to pay court fees would defeat the purpose of having a release account, but a prisoner *may* use release funds to pay an initial partial payment if the prisoner has no other means to do so. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). However, plaintiff has not submitted an account statement that shows the balance of his release account. I will grant his motion to waive the initial partial payment for each of these cases unless plaintiff can make the payments using funds withdrawn from his release account. If he can, then plaintiff should arrange with prison authorities to pay $6.90 from his release account. If he cannot, then plaintiff should submit an account statement or other evidence showing insufficient funds in his release account.

ORDER

IT IS ORDERED:

1. Plaintiff Julian Blackshear's motion to waive the initial partial filing fees in 25-cv-388, 25-cv-392, 25-cv-393, 25-cv-394, and 25-cv-395 is GRANTED subject to plaintiff showing insufficient funds in his release account to make the payments.

2. Plaintiff may have until July 11, 2025, to arrange with prison authorities to submit a check for $6.90 payable to the clerk of court, using funds withdrawn from his release account, *or* to submit an account statement or other evidence showing that he does not have sufficient funds in his release account.

3. If plaintiff fails to make the initial partial payments by July 11, 2025, or fails to explain why the payment could not be made, then I will assume that plaintiff wishes to withdraw these actions voluntarily. In that event, these cases will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payments within 30 days of dismissal, the cases will be reopened. The court will not reopen any case after 30 days unless plaintiff shows that he is entitled to relief under Fed. R. Civ. P. 60(b).

Entered this 6th day of June, 2025.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge