IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

            Plaintiff,

v.                                                                                              ORDER

CO SMITH,                                                                           25-cv-388-jdp

            Defendant.

---

Plaintiff Julian R. Blackshear, while incarcerated at Columbia Correctional Institution, brought a complaint alleging that CCI officials disregarded the risk that he would cut himself. Dkt. 1. I allowed Blackshear to proceed on an Eighth Amendment claim based on conscious disregard of safety against defendant CO Smith in his individual capacity. Dkt. 15.

Smith answered, and the court scheduled a telephonic pretrial conference for December 2, 2025, at 3:30 p.m. Two weeks after Smith answered, Blackshear was released from prison on extended supervision.

Neither party appeared at the December 2 telephonic pretrial conference. Dkt. 22. The court ordered the parties to show cause in writing why they failed to appear at the conference by December 8, 2025. *Id.* The court cautioned Blackshear that his failure to comply with its order could result in dismissal. *Id.* Counsel for Smith responded to the court's order, Dkt. 23, and the court accepted counsel's explanation for his failure to appear. Dkt. 24.

But Blackshear did not respond to the court's order. Neither the court's notice scheduling the telephonic pretrial conference nor its order to respond was returned as undeliverable. Blackshear was not incarcerated when the court sent him the order to respond, so the court had to receive his response by December 8 for it to be timely. *See Stevenson v. Elite*

*Staffing, Inc.*, No. 21-cv-1072, 2022 WL 17811587, at *1 (E.D. Wis. Dec. 19, 2022) (stating that the prison mailbox rule does not apply to litigants who are not incarcerated even if they are proceeding without counsel). I will dismiss the case without prejudice for failure to comply with a court order and failure to prosecute.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice for failure to comply with a court order and failure to prosecute.

2. The clerk of court is directed to enter judgment and close the case.

Entered January 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2